# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES E. LUNSFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CEMEX, INC., ) <br> ) <br> Defendant. ) | **MEMORANDUM OPINION** <br> **AND RECOMMENDATION** <br><br> 1:10CV143 |

This matter is before the court on Plaintiff's motion for this court to remand the case to state court. (docket no. 7.) Defendant has responded to Plaintiff's motion, and the matter is ripe for disposition. The parties have not consented to the authority of a magistrate judge. Therefore, I must deal with the motion by way of recommendation.

**Background**

On December 29, 2009, Plaintiff James Lunsford filed a complaint against his former employer Cemex, Inc. in Guilford County Superior Court, alleging (1) wrongful discharge in violation of North Carolina public policy and common law, and (2) retaliatory discharge in violation of the North Carolina Retaliatory Employment Discrimination Act (hereinafter "REDA"). N.C. GEN. STAT. §§ 95-240 to -249 (2001).[1] On February 19, 2010, Defendant removed the case to this court on the basis of

---

[1] The North Carolina REDA was enacted in 1992 and prohibits employers from discriminating against employees for, among other things, filing workers' compensation claims. *See Salter v. E & J Healthcare, Inc.*, 575 S.E.2d 46, 50 (N.C. Ct. App. 2003).

diversity jurisdiction. *See* 28 U.S.C. § 1332 (jurisdiction based on diversity of citizenship). On February 26, 2010, Plaintiff timely filed a motion to remand the case to state court.

**Discussion**

Plaintiff alleges that he was injured at work on August 28, 2008, and subsequently applied for workers' compensation benefits on March 11, 2009. On March 27, 2009, Defendants informed Plaintiff that he was being terminated. Plaintiff contends that his termination was directly related to his workers' compensation claim and the exercise of his rights under the Workers' Compensation Act, Chapter 97 of the North Carolina General Statutes.

Defendant removed the case to this court based on diversity jurisdiction, and Plaintiff has now filed the pending motion to remand. In the motion to remand, Plaintiff contends that Defendant has not satisfied its burden of showing that the requisite amount in controversy (more than $75,000) has been met for the purpose of jurisdiction based on diversity of citizenship. In response, Defendant contends that it has shown that the amount in controversy has been met.

I find that the court need not address the parties' respective arguments regarding the amount-in-controversy requirement because there is another, independent reason why removal was improper in this case. Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the

2

United States." This court has previously held that a REDA claim based on retaliation for filing for workers' compensation is so "integrally related to the North Carolina Workers' Compensation [A]ct that it 'arises under' the act for removal purposes to Section 1445(c)." *Wiley v. United Parcel Service, Inc.*, 227 F. Supp. 2d 480, 488 (M.D.N.C. 2002). In *Wiley*, the employee-plaintiff filed a claim in state court against his former employer-defendant under the REDA, alleging that the employer, in retaliation for the employee's filing of a workers' compensation claim, would not let the employee return to work. The employer removed the case to this court, and the employee timely filed a motion to remand. This court granted the remand, holding that the employee-plaintiff's claim was an action "arising under" the North Carolina Workers' Compensation Act, and removal was therefore precluded under 28 U.S.C. § 1445(c).

I find that, for the same reasons given in *Wiley,* the court should remand this case to state court.[2] That is, Plaintiff's retaliatory discharge claim under the REDA arises under the North Carolina Workers' Compensation Act for purposes of 28 U.S.C. § 1445(c), and therefore the case should not have been removed to this court.

---

[2] Although some courts have held removal of a state workers' compensation claim in violation of Section 1445(c) is a procedural defect that may be waived if the plaintiff does not file a motion to remand within thirty days after notice of removal, here Plaintiff filed a timely motion to remand. *See, e.g.*, *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998).

**Conclusion**

Based on the foregoing reasons, it is **RECOMMENDED** that the court **GRANT** Plaintiff's motion to remand the case to state court (docket no. 7).

_____
WALLACE W. DIXON
United States Magistrate Judge

April 23, 2010