IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES E. LUNSFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CEMEX, INC., | ) | 1:10CV00143 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

The Report and Recommendation of the United States Magistrate Judge ("Recommendation") was filed with the court in accordance with 28 U.S.C. § 636(b) and, on April 23, 2010, was served on the parties in this action. Within the time limits prescribed by section 636, Defendant Cemex, Inc. ("Cemex") filed objections. (Doc. 14.) Plaintiff James E. Lunsford ("Lunsford") filed a response to the objections (Doc. 15), and the Defendant filed a reply (Doc. 17). All objections are now ripe for disposition.

**I. BACKGROUND**

Lunsford filed a complaint in Guilford County Superior Court on December 29, 2009, alleging that his former employer, Cemex, wrongfully discharged him in violation of North Carolina public policy and common law, as well as the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen.

Stat. §§ 95-240 et seq. (2001).  (Doc. 4.)  Cemex removed the case on February 19, 2010, on the basis of diversity jurisdiction.  (Doc. 1.)  Lunsford filed a motion to remand on February 26, 2010, on the grounds that "defendant has failed to satisfy its burden to show that the jurisdictional requirements for this court are satisfied" (Doc. 7), and argued in its briefing that Cemex failed to establish that the amount in controversy exceeds $75,000.  (Doc. 8.)  Cemex filed a response to demonstrate the jurisdictional amount.  (Doc. 10.)

The Magistrate Judge issued a Recommendation but did not address the amount in controversy issue.  (Doc. 12.)  Instead, he recommended remand on an independent basis raised *sua sponte*: that removal violated 28 U.S.C. § 1445(c)'s prohibition against removing a case arising under a state's workers' compensation laws.  The Recommendation cited <u>Wiley v. United Parcel Service, Inc.</u>, which held that a REDA claim based on retaliation for filing a workers' compensation claim is so "integrally related to the N.C. Workers' Comp. Act that it 'arises under' the act for removal purposes pursuant to section 1445(c)."  227 F. Supp. 2d 480, 488 (M.D.N.C. 2002).

Cemex objected timely.

**II.  ANALYSIS**

Cemex objects on the ground that 28 U.S.C. § 1445(c) is procedural in nature and thus cannot be raised by the court *sua*

2

*sponte*. Cemex contends that Lunsford failed to raise the statute (or issue) within 30 days of the filing of the notice of removal, thus waiving any objection to the defect. Lunsford argues that he sufficiently raised the issue in his briefing on the motion to remand by referring to REDA, and, even if he did not, the court is not acting *sua sponte* because he filed a motion seeking remand. Further, Lunsford contends that Cemex failed to carry its burden of demonstrating that the $75,000 amount in controversy is present. Because the matter has come to the court by way of Recommendation and Cemex has objected, review is *de novo*. 28 U.S.C. § 636(b)(1); see <u>Insteel Wire Prods. Co. v. Dywidag Sys. Int'l USA, Inc.</u>, No. 1:07cv641, 2009 WL 2253198 (M.D.N.C. July 28, 2009).

### A.  28 U.S.C. § 1445(c)

Section 1445(c) of Title 28, United States Code, provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." North Carolina adopted its Workers' Compensation Act, N.C. Gen. Stat. § 97-1 ("NCWCA"), which details most of North Carolina's workers' compensation law. This court has previously held that "REDA is so integrally related to the N.C. Workers' Comp. Act that it 'arises under' the act for removal purposes pursuant to section

3

1445(c)." Wiley, 227 F. Supp. 2d at 488.[1]  In light of this court's holding in Wiley, the Magistrate Judge was correct that the removal of this case was in violation of section 1445(c) as it is a civil action "arising under" the North Carolina workers' compensation laws.

However, violations of section 1445(c) are procedural, not jurisdictional, defects. Wiley v. United Parcel Servs., Inc., 11 F. App'x 176, 178 (4th Cir. 2001) (unpublished); Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1117 (5th Cir. 1998); Ayers v. ARA Health Servs., Inc., 918 F. Supp. 143, 146-47 (D. Md. 1995). Under 28 U.S.C. § 1447(c), a "motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Thus, a party seeking to remand a case by invoking section 1445(c) must object to the removal within thirty days of the filing of the notice of removal. Wiley, 11 F. App'x at 178. Courts have uniformly

---

[1] The court in Wiley conducted a detailed analysis of whether REDA "arises under" the NCWCA, examining REDA's ties to the workers' compensation laws in North Carolina and other circuit court cases involving retaliatory discharge claims. 227 F. Supp. 2d at 483-89. The court found that while on its face REDA appeared to be a separate, comprehensive statute, its "history as an outlet for employees to pursue their workers' compensation benefits without fear cannot be undermined by this court. Simply because REDA enumerates other prohibited areas of retaliatory discharge besides workers' compensation does not mitigate the fact that REDA's genesis is in the workers' compensation laws of North Carolina." Id. at 487. Further, the court found that at least one of Congress' policies in enacting section 1445(c) would be furthered if REDA claims were remanded to state court. Id. at 483-89.

4

held, in line with the Fourth Circuit's opinion in Wiley, that an improperly removed case that arises under a state's workers' compensation law is a procedural defect in removal that is waived unless asserted within thirty days of removal. See, e.g., Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002); Sherrod, 132 F.3d at 1117; Magruder v. Scope Servs., Inc., 287 F. Supp. 2d 628, 630 (W.D.N.C. 2003); Ayers, 918 F. Supp. at 146; Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1424 (D. Nev. 1995).

Lunsford did not timely raise this defect in this case. Rather, the issue was raised *sua sponte* by the Magistrate Judge. The Fourth Circuit, along with all other circuits that have examined the issue, have held "that a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 198 (4th Cir. 2008); accord Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1193 (9th Cir. 2003) (holding that "the district court cannot remand *sua sponte* for defects in removal procedure"); Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1319-21 (11th Cir. 2001); In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000); Page v. City of Southfield, 45 F.3d 128, 132-34 (6th Cir. 1995); In re Cont'l Cas. Co., 29 F.3d 292,

5

294-95 (7th Cir. 1994); In re Allstate Ins. Co., 8 F.3d 219, 222-23 (5th Cir. 1993).

Lunsford contends that the Magistrate Judge did not act *sua sponte* because Lunsford filed a motion to remand that raised procedural and substantive grounds for removal. Lunsford argues that a notice of removal must only contain a "short and plain statement of the grounds for removal" which does not require a "magical incantation . . . to 'raise' this procedural defect in [his] Motion to Remand," and to hold otherwise would be contrary to the requirement that courts strictly construe removal jurisdiction. (Doc. 15 at 3-4.)

Lunsford is correct in noting that removal jurisdiction must be strictly construed. See Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). However, nowhere in his motion to remand and accompanying brief does he raise any argument for remand based on section 1445(c). Nor does he cite section 1445(c), as required by this court's local rules. See L.R. 7.2(a)(4) (requiring all briefs to "refer to all statutes, rules and authorities relied upon") and L.R. 7.3(b) (requiring that all motions "shall state with particularity the grounds therefor" and "cite any statute or rule of procedure relied upon"). Rather, his entire motion rested on the argument that Cemex failed to meet the federal

jurisdictional amount in controversy requirement. (See Docs. 7 & 8.)

A party cannot claim that just because it moved to remand a case it may later argue every possible reason for doing so. See Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998) (holding that denial of remand was proper where plaintiff failed to raise the proper objection). Lunsford's reference to REDA in setting forth his argument as to jurisdictional amount does not suffice to raise a section 1445(c) objection. Indeed, the Magistrate Judge plainly stated that he was recommending a disposition on a ground not raised by the parties. While Lunsford filed a motion to remand, his failure to invoke section 1445(c) waived his objection to the procedural defect. See, e.g., Foulke v. Dugan, 148 F. Supp. 2d 552, 555 (E.D. Pa. 2001) (holding that objection to procedural defect was waived where plaintiffs failed to articulate it in removal); Denman, 131 F.3d at 548 (same); Holguin v. Albertson's LLC, 530 F. Supp. 2d 874, 878 (W.D. Tex. 2008) (same); Lee v. Pineapple Mgmt. Servs., Inc., 241 F. Supp. 2d 690, 695 (S.D. Miss. 2002) (same); Hoste v. Shanty Creek Mgmt., Inc., 246 F. Supp. 2d 776, 780 (W.D. Mich. 2002) (same); Davis v. Ciba-Geigy Corp., 958 F. Supp. 264, 266 (M.D. La. 1997) (same). Consequently, because district courts are prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so, Ellenburg, 519

F.3d at 198, the court is unable to remand the case based on section 1445(c).

**B.    Amount in Controversy**

The motion to remand and all accompanying briefs centered on Lunsford's contention that Cemex failed to satisfy its burden of showing that the federal jurisdictional amount in controversy had been met. While the Magistrate Judge did not address this issue in the Recommendation, the issue was fully briefed before the Magistrate Judge, and the court will consider it now.

Removal based on diversity jurisdiction requires: (1) diversity of citizenship between the parties; and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A removing defendant bears the burden of demonstrating the existence of federal jurisdiction. Mulcahey, 29 F.3d at 151. A case must meet the jurisdictional requirements at the time it was filed in state court. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998) (citation omitted).

Here, Lunsford does not contest, and the complaint appears to demonstrate, that the parties are diverse. However, the amount in controversy is not clear on the face of the complaint. A defendant who removes a case that was filed in state court for an unspecified demand for damages bears the burden of proving the requisite federal jurisdictional amount. Bartnikowski v.

8

NVR, Inc., No. 1:07CV00768, 2008 WL 2512839, at *2 (M.D.N.C. 2008), aff'd, 307 F. App'x 730 (4th Cir. 2009). While the Fourth Circuit has yet to adopt a specific standard of proof by which to judge a defendant's showing, Bartnikowski, 2008 WL 2512839, at *2, other courts in this district have concluded that in this instance a defendant must establish the requisite jurisdictional amount by a preponderance of the evidence. See Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003); Dash v. FirstPlus Home Loan Trust 1996-2, 248 F. Supp. 2d 489, 497 (M.D.N.C. 2003). The amount claimed in the complaint controls when assessing the amount in controversy, unless it appears to a "legal certainty" on the face of the complaint that the claim is for less than the jurisdictional amount. Bartnikowski, 2008 WL 2512839, at *2 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)). When the complaint is ambiguous as to the value of the action, "until jurisdiction becomes determinate, the court may consider any evidence of the amount in controversy." Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996).

In accordance with North Carolina law, Lunsford's complaint only demands "an amount exceeding ten thousand dollars." (Doc. 4); N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). However, the complaint does specify what Lunsford seeks: "[c]ompensation for lost wages, lost benefits, and other economic losses," "[t]reble

9

damages," and "plaintiff's attorneys' fees." (Doc. 4.) REDA provides for the recovery of lost wages and benefits, as well as treble damages, in connection with a willful violation. See N.C. Gen. Stat. § 95-243.

In its motion to remove, Cemex attached an affidavit from Randy Shope ("Shope"), its Human Resources Coordinator. (Doc. 1 Ex. 4.) Shope testified that Lunsford earned $28,884.21 during the thirty-nine weeks prior to his March 27, 2009, termination. Cemex contends this represents a good estimate of what Lunsford likely would have earned during the thirty-nine weeks of his suspension.[2] Trebled, this equals $86,652.63, well over the jurisdictional threshold. Shope also testified that Lunsford received benefits equaling $224.83 per weekly pay period, totaling $8,768.37 for thirty-nine weeks. Together, the wages and benefits, when trebled, equal $112,957.74.

Lunsford argues that when calculating the amount in controversy, Cemex failed to offset the unemployment benefits he received during those thirty-nine weeks, totaling $19,092.00. Lunsford acknowledges that no North Carolina case has yet to address whether such benefits should be credited to the employer as an offset to a plaintiff's lost wages under REDA.[3] Moreover,

---

[2] Cemex provided other figures that could be used to calculate lost wages, but they do not materially alter the analysis.

[3] In Turner v. Custom Retail Services., Inc., the court remanded on the ground that the defendant failed to meet the jurisdictional amount in

he acknowledges that it is unclear whether any such offset would occur before or after trebling damages. If damages were offset before trebling, Lunsford argues, plaintiff's damages would equal only $55,681.74, well below the jurisdictional threshold. Thus, Lunsford contends that unless Cemex disavows any claim of offset, it should not be allowed to utilize the higher amount when calculating the amount in controversy and, therefore, has failed to carry its burden of proof.

Cemex argues that the claim to offset unemployment benefits is an affirmative defense and thus cannot be considered in calculating the amount in controversy. It further argues that even if it were, the inclusion of attorneys' fees satisfies the amount in controversy requirement.

Cemex is correct that courts do not look to valid defenses when calculating the amount in controversy. "[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand." St. Paul Mercury Indem. Co., 303 U.S. at 292. Whether Cemex will contend as a defense

---

controversy, noting that plaintiff expressly disavowed damages in excess of $70,000. No. 5:06CV15-v, 2006 WL 1464914 (W.D.N.C. May 25, 2006). Plaintiff's argument that his interim unemployment compensation benefits would be subject to an offset was thus not a necessary factor in the decision.

11

that Lunsford's unemployment benefits should be deducted from any damage award is therefore irrelevant at this stage and cannot be used to reduce the amount in controversy. See, e.g, Associated Press v. Berger, 460 F. Supp. 1003, 1004-05 (W.D. Tex. 1978) (stating that defendants cannot reduce the amount in controversy by asserting a right to certain offsets against the plaintiff's claim). Consequently, Cemex has demonstrated by a preponderance of the evidence that Lunsford's claims exceed $75,000.[4]

## III. CONCLUSION

Cemex has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000, and Lunsford has waived any objection under section 1445(c). The Magistrate Judge's Recommendation to remand the action (Doc. 12) is therefore REJECTED.

IT IS THEREFORE ORDERED that Lunsford's motion to remand (Doc. 7) is DENIED.

/s/ Thomas D. Schroeder
United States District Judge

July 28, 2010

---

[4] Cemex argued that when calculating the amount in controversy the court should also take into consideration Lunsford's potential attorneys' fees recoverable under REDA, N.C. Gen. Stat. § 95-243(c). While a court may consider attorneys' fees when calculating the amount in controversy if they are specifically authorized by statute, Talantis v. Paugh Surgical, Inc., 273 F. Supp. 2d 710, 713 n. 3 (M.D.N.C. 2003) (citing Mo. State Life Ins. v. Jones, 290 U.S. 199 (1933)), the court need not reach this argument insofar as the alleged compensatory damages suffice under the jurisdictional test.